UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Andrew E. Hunt,

  Petitioner,

-v-              Case No. 2:09–cv–419
                Crim. No. 2:05–cr–102

United States of America,     Judge Michael H. Watson

  Respondent.

## ORDER

Petitioner, a federal prisoner, seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In 2005, Petitioner was convicted in this Court for being a felon in possession of a firearm. The Court sentenced Petitioner to eighty-five months imprisonment. Petitioner filed his § 2255 motion in April 2010. In September 2010, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Petitioner's § 2255 motion and dismiss this case. Rep. Recom., ECF No. 82. Petitioner submitted a timely objection which inadvertently was not filed until November 2010. Pet'r's Objection, ECF No. 83. This matter is before the Court on Petitioner's objection.

Petitioner objects to only one aspect of the Magistrate Judge's Report and Recommendation. Specifically, Petitioner argues that the Magistrate Judge erroneously concluded that Petitioner was not entitled to credit against his federal sentence for the eight months he served in an Ohio prison for a state parole violation related to the same firearm. As the Magistrate Judge correctly pointed out, Petitioner had already served his sentence for his Ohio parole violation by the time this Court sentenced him on the federal charge. Hence, the the sentences could not have been served concurrently.

Moreover, notwithstanding that the state offense involved the same firearm, the parole violation was a separate offense, and there was no statute, Federal Sentencing Guideline, or case law that required the Court to reduce Petitioner's federal sentence on the basis of the time Petitioner served on the state charge. Notably, under the dual sovereignty doctrine, the imposition of separate sentences by state and federal courts for the same conduct does not violate the Fifth Amendment's protection against double jeopardy. *See United States v. Wheeler*, 330 F.3d 407, 413 n.7 (6th Cir. 2003) (no double jeopardy violation where federal gun charge followed state revocation of community sentence based on same firearm).

In support of his argument that he was entitled to credit for the eight months he served on the Ohio conviction, Petitioner cites a discussion between the Court and counsel at Petitioner's sentencing hearing. That discussion, however, refers to credit Petitioner was entitled to for time he served while in *federal* custody. Indeed, this Court previously reached that conclusion when it denied Petitioner's Motion to Correct Clerical Error in March 2009. Op. Order 1, ECF No. 66.

For the above reasons, the Court **OVERRULES** Petitioner's single objection to the Magistrate Judge's Report and Recommendation. Consequently, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, **DENIES** Petitioner's § 2255 motion, and **DISMISSES** this action with prejudice.

The Clerk shall enter final judgment accordingly.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**